UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAMED NGUIDA,
    Plaintiff,

v.                                Case No: 5:24-cv-00714-KKM-PRL

LAKE COUNTY SCHOOL
DISTRICT, et al.,

    Defendants.
_____

## ORDER

Plaintiff Mohamed Nguida, on behalf of his minor son, filed this action alleging violations of federal and state laws, including the Individual with Disabilities Education Act and the Americans with Disabilities Act. *See* Am. Compl. (Doc. 5). Nguida's original complaint was dismissed as a shotgun pleading. (Doc. 4). Nguida has also filed seven (7) motions seeking various forms of prospective relief. (Docs. 8, 9, 10, 11, 12, 13, 14). Nguida's amended complaint is dismissed because the shotgun deficiencies have not been remedied, and his motions for miscellaneous relief are denied for the reasons explained below.

"Complaints that violate either [Federal] Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "exact an intolerable toll on the trial court's docket." *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

The four basic types of shotgun pleadings are (1) a complaint that contains multiple counts "where each count adopts the allegations of all preceding counts;"

(2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate into different counts "each cause of action or claim for relief"; and (4) a complaint that asserts several claims against several defendants without specifying which defendant is responsible for which act or omission or against which defendant the plaintiff states a claim. *Weiland*, 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Nguida's amended complaint suffers from the same shotgun pleading errors as his first complaint. *See* (Doc. 4). As explained in the earlier order dismissing Nguida's complaint, the amended complaint asserts multiple claims against multiple defendants without specifying which of the defendants the claim is brought against. *See id;* Am. Compl. 5–6. This fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. If certain causes of action are brought against the defendants collectively, Nguida should specify as such. And instead of asserting the specific factual allegations underlying the causes of action, Nguida makes legal conclusions. *See id.* at 1322; *see* Am. Compl. at 5 (stating that the defendants violated the ADA by "[e]ngaging in discriminatory practices"). This flaw alone warrants dismissal on shotgun pleadings grounds. *See, e.g., Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) (affirming dismissal of a pro se complaint as a shotgun pleading that contained "scattered legal arguments . . . legal conclusions,

2

and even (incomplete) citations to legal authorities" instead of "factual allegations").

Nguida's miscellaneous motions are denied for several reasons. Two of his motions request a court order directing the U.S. Department of Education to intervene in this action. (Docs. 8, 9). Two motions request that Senator Rick Scott and Governor Ron DeSantis be ordered to intervene in, and have oversight over, the issues implicated in this action. (Docs. 11, 14). Another motion seeks judicial review by the Florida Judicial Qualifications Commission, (Doc. 12), and another asks for a referral of the action to the Florida Office of the Inspector General, (Doc. 13). He also asks the Court to notify and involve the Florida Department of Children and Families in this action. (Doc. 10). As a threshold matter, these motions are premature because proof has not been filed that the defendants have been served. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

Additionally, Nguida has not identified which Federal Rule of Civil Procedure or statute authorizes this kind of relief, and Nguida has not demonstrated Article III standing. "[A] plaintiff must demonstrate standing for each claim he seeks to press *and* for each form of relief that is sought." *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) (emphasis added) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)). While Nguida has standing to bring the causes of action in his amended complaint, that "does not by itself give him standing to seek prospective injunctive relief." *Wooden v. Bd. of Regents of*

*Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 n. 20 (11th Cir. 2001). Therefore, the motions for miscellaneous relief are denied.

Accordingly, the Amended Complaint, (Doc. 5), is **DISMISSED without prejudice**. Nguida may file a second amended complaint no later **February 4, 2025**. If Nguida fails to refile in a timely manner or files another shotgun pleading, this action will become subject to dismissal without further notice. Nguida's Motions for Miscellaneous Relief, (Docs. 8, 9, 10, 11, 12, 13, 14), are **DENIED**.

**ORDERED** in Tampa, Florida, on January 22, 2025.

Kathryn Kimball Mizelle
United States District Judge