UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MOHAMMED NGUIDA, on behalf of his minor son, J.N.,**

v.  Case No: 5:24-cv-714-KKM-PRL

**LAKE COUNTY SCHOOL DISTRICT, et al.,**

**Defendants.**

## ORDER

This case is before the undersigned upon referral of pro se Plaintiff's motion to deem service effective and to authorize alternative service as to Eustis Heights Elementary School. (Doc. 27). Plaintiff recites that he has attempted to serve the second amended complaint upon Eustis Heights Elementary School via certified mail, but it was returned refused. (Doc. 27). Plaintiff contends that the school has actual and constructive notice, and that he has also served the Lake County School District.

As the undersigned previously observed (Doc. 29), the docket reflects irregularities regarding the returns of service in this case (including regarding Eustis Heights Elementary School) and the undersigned is not satisfied that the defendants have been properly served. Plaintiff's motion is due to be denied.

**I.  Legal Standards**

Federal Rule of Civil Procedure 4(c) provides that service of process shall be completed by serving a summons and a copy of the complaint on each defendant within the time allowed under Rule 4(m) by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ.

P. 4(c)(1), (2). "[S]ervice of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." *Abele v. City of Brooksville, Fla.*, 273 F. App'x 809, 811 (11th Cir. 2008) (citing *Prewitt Enters. v. OPEC*, 353 F.3d 916, 925 (11th Cir. 2003) ).

Under Fed. R. Civ. P. 4(j)(B), a state-created governmental organization must be served by serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fla. Stat. § 1001.40 establishes that the governing body of each district school shall be a district school board, and each district school board can be served by service of process on the chair of the district school board. If the chair of the district school board is unavailable, then the district school superintendent, if the superintendent is unavailable, then a member of the district school board. *Id.* Additionally Middle District of Florida courts have held that "no statute, either federal or state permits service upon a state agency by certified mail." *Yaniga v. Florida Dept. of Transp.*, No. 8:11-cv-1371-T-23TBM, 2011 WL 6338910, at *1 (M.D. Fla. Dec. 19, 2011). The same is true for public school districts. *See Haygood v. Orange Cnty. Pub. Schools*, No. 6:16-cv-2105-Orl-37GJK, 2017 WL 424035, at *4 (M.D. Fla. Sept. 25, 2017).[1]

---

[1] Regarding original service, Florida Statutes § 48.031(1)(a) provides:

> (1)(a)  Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

## II.     Discussion

Plaintiff's motion to deem service effective or for alternate service as to Eustis Heights Elementary School (Doc. 27) is due to be denied. Florida law does not permit service of original process upon a school board by certified mail. *See Haygood*, 2017 WL 424035, at *4.

As the undersigned previously observed, it does not appear that Plaintiff has properly completed service of original process as to any defendant in this case, including as to Lake County School District or Eustis Heights Elementary School. Plaintiff has named seven defendants in this action and purports to have served them. Yet, no appearance has been made by any defendant in this action. Further, a review of the documents filed by Plaintiff suggests that Plaintiff's attempts to complete service have largely consisted of mailing documents, and it appears that Plaintiff has failed to comply with the service requirements of the Federal Rules of Civil Procedure and Florida law.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

### III. Conclusion

For the forgoing reasons, Plaintiff's motion to deem service effective or for alternate service as to Eustis Heights Elementary School (Doc. 27) is DENIED.

**DONE** and **ORDERED** in Ocala, Florida on June 23, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties