## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

MOHAMED NGUIDA,
on behalf of his minor son, J.N.,

     Plaintiff,

v.                                                          Case No: 5:24-cv-714-KKM-PRL

LAKE COUNTY SCHOOL
DISTRICT, et al.,

     Defendants.

_____

## <u>ORDER</u>

The Magistrate Judge denied Mohamed Nguida's motion to deem service effective and to authorize alternative service on defendants. Order (Doc. 33). Nguida objects and seeks to vacate the order. Obj. (Doc. 34); *see also* Suppl. Auth. (Doc. 35). Nguida also moves for a "Notice of Judicial Irregularity and Demand for Immediate Reassignment of Rule 72(a) Objection to District Judge." (Doc. 36). Finally, by two separate "emergency motions," Nguida seeks "judicial quarantine" of Magistrate Judge Lammens and requests that he be reassigned from the case. Mot.

for Jud. Quar. (Doc. 38); Mot. for Reassign. (Doc. 39). For the below reasons, I overrule the objections and deny the motions.

## I.    BACKGROUND

Nguida filed a complaint alleging that the Lake County School District, Eustis Heights Elementary School, and other involved state entities and officials violated the Individuals with Disabilities Education Act (IDEA), Section 504 of the Rehabilitation Act, the Americans with Disabilities Act (ADA), and the Fifth and Fourteen Amendments by failing to provide his minor son with required educational services and accommodations. *See* Sec. Am. Compl. (Doc. 16) ¶¶ 1–12.

Nguida attempted to serve his Second Amended Complaint on all defendants by certified mail and filed "Proof[s] of service" that list United States Postal Service tracking numbers for each mailed document. *See* (Docs. 19–26). Nguida then moved to deem service effective as to Eustis Heights, claiming that the school had "actual and constructive notice" of the complaint and "cannot evade service by refusing certified mail." Mot. Serv. (Doc. 27) at 2–3. In the alternative, Nguida requested that the Court authorize service by "[d]elivery to the School District's legal counsel," "[p]osting at the school's front entrance," or "[e]mail or mail to the School's principal." *Id.* at 3.

2

The Magistrate Judge denied Nguida's motion, noting that "the docket reflects irregularities regarding the returns of service in this case," and concluding that "Florida law does not permit service of original process upon a school board by certified mail." Order at 1, 3 (citing *Haygood v. Orange Cnty. Pub. Schools*, No. 6:16-cv-2105-Orl-37GJK, 2017 WL 4242035, at *4 (M.D. Fla. Sep. 25, 2017). Nguida timely objects and, by separate motion, claims that "[t]he Clerk's Office erroneously rerouted" his objections to the Magistrate Judge. *See* (Doc. 36) at 2. In two additional motions, Nguida asks that the Magistrate Judge be reassigned because of a pattern of "void orders, procedural weaponization, and defiance" of precedent. Mot. for Reassign. at 1; *see also* Mot. for Jud. Quar.

## II.    LEGAL STANDARDS

### A. Objections to Magistrate Judge's Order

Under Federal Rule of Civil Procedure 72(a), a party can object to a magistrate judge's order on a non-dispositive, pre-trial matter. When a party timely objects, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.' " *SEC v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

### B. Motions for Reassignment or Recusal

Under 28 U.S.C. § 455(a), a "magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal or reassignment is only proper where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

Additionally, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

## III.   ANALYSIS

The Magistrate Judge's determination that Nguida failed to properly serve defendants, including Eustis Heights Elementary School, is neither clearly erroneous nor contrary to law. By citing principally his disagreement with the Magistrate Judge's decisions on this issue and others, Nguida fails to allege facts warranting reassignment.

### A. Objections to Magistrate Judge's Order

Nguida makes three primary arguments attacking the soundness of the Magistrate Judge's order denying his motion to deem service effective. Each fails.

First, Nguida incorrectly asserts that the Magistrate Judge "[f]alsely claim[ed] certified mail service is impermissible for school districts." Obj. at 1. To be effective, service must be in "substantial compliance" with the Federal Rules of Civil Procedure. *Abele v. City of Brooksville*, 273 F. App'x 809, 811 (11th Cir. 2008) (per curiam) (quoting *Prewitt Enter., Inc. v. OPEC*, 353 F.3d 916, 925 (11th Cir. 2003)). Rule 4(j)(2) authorizes a plaintiff to serve a state or local government by either "delivering a copy of the summons and of the complaint to its chief executive officer," or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." "The definition of

'deliver[y]' under Rule 4(j)(2) [] excludes certified mail." *Yaniga v. Fla. Dep't of Transp.*, No. 8:11-CV-1371-T-23TBM, 2011 WL 6338910, at *1 (M.D. Fla. Dec. 19, 2011). Nor does Florida law permit original service by certified mail. *Transp. & Gen. Ins. Co. v. Receiverships of Ins. Exch. of Ams., Inc.*, 576 So. 2d 1351, 1352 (Fla. 1st DCA 1991) ("There is no statutory authority, or authority under Rule 1.070, Florida Rules of Civil Procedure, for [service] only by certified mail, as was done here."); *Yaniga*, 2011 WL 6338910, at *1 (explaining that "no statute, either federal or state, permits service upon a state agency by certified mail"); *see also* § 48.031(1)(a), Fla. Stat. ("Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint.").

Nguida's proffered authorities are either imagined or inapposite. To start, Nguida misstates that § 48.031(1)(a), Florida Statutes permits "serving the process on the public agency by certified mail, restricted delivery, with return receipt signed by the agency." Obj. at 2. The statute says no such thing. Nguida's initial motion also cites *Telford v. Orange County Public Schools*, 222 So. 3d 580 (Fla. 5th DCA 2017), Mot. Serv. at 2, a case that does not appear to exist.[1] *But see Gonzalez v.*

---

[1] Nguida is reminded of his obligations under Federal Rule of Civil Procedure 11(b)(2) ("By presenting to the court a . . . written motion, . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry

*State*, 222 So. 3d 580 (Fla. 4th DCA 2017) (per curiam). Finally, Nguida relies on *Shurman v. Atlantic Mortgage & Investment Corp.*, in which the Florida Supreme Court addressed whether an incarcerated defendant's former residence constituted his "usual place of abode" under § 48.031(1)(a), Florida Statutes. *See* Mot. Serv. at 2 (citing 795 So. 2d 952, 953–56 (Fla. 2001) (per curiam)). At no point did the Court discuss service by certified mail. Ultimately, none of Nguida's purported authorities establish that he effectively served defendants by certified mail.

Second, Nguida faults the Magistrate Judge's Order for "[i]gnoring signed proof of service on Lake County School District," which Nguida suggests provided actual notice to Eustis Heights. Obj. at 1–2. However, as explained in a previous order denying Nguida's motion for entry of default, the proof of service attaches a "return receipt reflecting that the documents were left with an unidentified individual and reflecting an illegible signature at that address." Order Denying Entry of Default (Doc. 29) at 3. The return does not indicate service was made "on the chair of the district school board or . . . the district school superintendent as executive officer of the district school board or, in the absence of the chair and the district

---

reasonable under the circumstances: the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.").

school superintendent, on another member of the district school board." § 1001.40, Fla. Stat. And even if Nguida's certified mail reached the relevant school official (or, as he separately contends, the School District's attorney), improper service by mail remains ineffective "even when a defendant has actual notice of the filing of the suit." *Abele*, 273 F. App'x at 811. Nguida's actual notice theory therefore fails.

Finally, Nguida objects that alternative service must be permitted because Eustis Heights has evaded process and because the School District has dissolved, meaning that "[n]o entity exists to re-serve." Obj. at 4. Again, Nguida has not proven that he made proper service on any defendant. By extension, he cannot show that Eustis Heights evaded proper service or had a duty to accept service by improper means. As to the School District's purported "dissolution," Nguida fails to substantiate that claim or explain why proper service is infeasible.

Seeing no evidence on the docket that Nguida's objections were assigned to the Magistrate Judge, and having now fully considered them, I also deny his motion for reassignment as to the objections.

## B. Motions for Reassignment

Nguida's requests to bar Magistrate Judge Lammens from this case sound in Nguida's disagreement with his rulings, which Nguida may contest (and has

contested) by objecting under Rule 72(a). Because Nguida does not otherwise allege facts that would lead a reasonable observer to question the Magistrate Judge's impartiality or to believe that bias exists, I deny Nguida's motions.

To warrant a judge's recusal or reassignment under § 144[2] or § 455, the bases for recusal must be "personal, not judicial, in nature." *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 811 (11th Cir. 2012) (per curiam); *see also Liteky v. United States*, 510 U.S. 540, 555–56 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Here, Nguida claims that the Magistrate Judge's "impartiality is reasonably questioned due to a pattern of void orders and obstruction of default procedures in" both this case and another pending before the Court. Mot. for Jud. Quar. at 2. And Nguida contends—with citation to another case that does not appear to exist, *Mahmoud v. District Court*, 995 F.3d 875 (11th Cir. 2021)—that the Magistrate Judge's case-wide "authority terminated immediately" upon Nguida's Rule 72(a) objection. Mot. for Jud. Quar. at 4. Those

---

[2] Additionally, requests for recusal or reassignment under § 144 must be supported by "a timely and sufficient" affidavit and accompanying certificate of counsel of record "stating that [the affidavit] is made in good faith." Nguida provided neither. *See Del Fuoco v. O'Neill*, No. 809-CV-1262-T-27MAP, 2010 WL 454930, at *5 (M.D. Fla. Feb. 9, 2010) ("The absence of [a § 144 good-faith] certificate has rendered *pro se* disqualification motions deficient.").

allegations necessarily concern judicial rulings, which "cannot serve as the basis for recusal or cast doubts on impartiality unless [Nguida] establishes pervasive bias and prejudice." *Jones*, 459 F. App'x at 811. Nguida's conclusory and unsupported allegations fail to do so.

## IV.    CONCLUSION

Accordingly, it is **ORDERED**:

1.    Nguida's Objections (Doc. 34) are **OVERRULED**.

2.    Nguida's Motion to Expedite Ruling and Notice of Judicial Irregularity and Demand for Immediate Reassignment (Doc. 36) is **DENIED**.

3.    Nguida's Emergency Notice and Motion for Judicial Quarantine (Doc. 38) and Emergency Motion to Reassign Case (Doc. 39) are **DENIED**.

**ORDERED** in Tampa, Florida, on August 26, 2025.

Kathryn Kimball Mizelle
United States District Judge