UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MOHAMED NGUIDA,
on behalf of his minor son, J.N.,

 Plaintiff,

v.             Case No: 5:24-cv-714-KKM-PRL

LAKE COUNTY SCHOOL
DISTRICT, et al.,

 Defendants.
_____

## ORDER

 Plaintiff Mohamed Nguida files a "Consolidated Emergency Motion" to "vacate two void judgments" under Federal Rule of Civil Procedure 60, "secure recusal of a biased judicial officer," and "obtain an immediate stay" of this and a related action. Mot. (Doc. 45) at 1. Because Nguida repeats previously rejected arguments and fails to provide any legitimate basis for the requested relief, I deny the motion.

 First, Nguida claims that the judgment in a related case, *Nguida v. Polak*, 5:25-cv-309-JSS-PRL (M.D. Fla. 2025), is void for lack of jurisdiction because the assigned magistrate judge "issued dispositive rulings without consent." Mot. at 3; *see also* FED. R. CIV. P. 60(b)(4). The docket, however,

reflects that Nguida's complaint was dismissed by the district court judge. *See* Order (Doc. 14), *Nguida v. Polak*, 5:25-cv-309-JSS-PRL (M.D. Fla. Sep. 17, 2025). More, Nguida appears to have filed a similar "emergency" motion in that case, *see id.* (Doc. 16), and he provides no justification for circumventing review of that motion in the ordinary course.

Second, Nguida repeats his arguments from previous motions that Magistrate Judge Philip Lammens must recuse or be reassigned under 28 U.S.C. § 455(a) based on "[t]he appearance of impropriety." Mot. at 4; *see also* (Docs. 36, 38, 39). But, as previously explained, Nguida requests recusal based on his disagreement with "judicial rulings, which 'cannot serve as the basis for recusal or cast doubts on impartiality unless [Nguida] establishes pervasive bias and prejudice.'" (Doc. 41) at 9 (quoting *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 811 (11th Cir. 2012) (per curiam)). Nguida again fails to do so.

Third, Nguida seeks to vacate the final judgment in this case under Federal Rule of Civil Procedure 60(b)(6). *See* Mot. at 4. But by regurgitating rejected claims of "judicial retaliation," "refusal of service by Defendant," and unspecified "harm to a disabled child," Mot. at 4, Nguida fails to make "a showing of extraordinary circumstances to justify the reopening of a final judgment" under Rule 60(b)(6)'s catch-all provision. *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1251 (11th Cir. 2023).

Finally, Nguida requests "an immediate temporary stay" of both this and the related action, pending a resolution of this motion. Mot. at 5. Although the basis of the request is unclear, because I deny the balance of Nguida's motion in full, I likewise deny his request for a stay.

Accordingly, it is **ORDERED:**

1. Nguida's Consolidated Emergency Motion for Recusal, to Stay, and to Vacate Order (Doc. 45) is **DENIED.**

**ORDERED** in Ocala, Florida, on October 9, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

3